GAONA LAW FIRM
A PROFESSIONAL CORPORATION
3101 NORTH CENTRAL AVE, SUITE 720
PHOENIX, ARIZONA 85012
—————
(602) 230-2636  Fax (602) 230-1377
david@gaonalaw.com; docket@gaonalaw.com

David F. Gaona, State Bar No. 007391

Attorneys for Defendants
Bankers Life Advisory Services, Inc.,
CNO Financial Group, Inc.,
K.F. Agency, Inc., Oscar Larranga,
and James Covington

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jason Crews,<br><br>   Plaintiff,<br><br>vs.<br><br>Bankers Life Advisory Services, Inc., et al.,<br><br>   Defendants. | No. 2:23-cv-02658-SMB<br><br>**DEFENDANT JAMES COVINGTON'S ANSWER TO COMPLAINT** |

Defendant, James Covington ("Defendant"), for his Answer to Plaintiff's Complaint, admits, denies, and alleges as follows:

**Preliminary Statement**

1. Answering paragraph 1 of Plaintiff's Complaint, admits the existence of the cited statute; denies the balance of the allegations in paragraph 1 of Plaintiff's Complaint.

2. Denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.

## **Parties**

4. Answering paragraph 4 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations and therefore denies same and demands strict proof thereof.

5. Answering paragraph 5 of Plaintiff's Complaint, admits CNO Financial Group, Inc., is a Delaware corporation; denies the balance of the allegations in paragraph 5 of Plaintiff's Complaint.

6. Admits the allegations in paragraph 6 of Plaintiff's Complaint.

7. Admits Bankers Life Advisory Services Inc., is incorporated in Arizona; denies the balance of the allegations in paragraph 7 of Plaintiff's Complaint.

8. Admits the allegations in paragraph 8 of Plaintiff's Complaint.

9. Answering paragraph 9 of Plaintiff's Complaint, admits K.F. Agency, Inc. is incorporated in Arizona; denies the balance of the allegations in paragraph 9 of Plaintiff's Complaint.

10. Admits the allegations in paragraph 10 of Plaintiff's Complaint.

11. Denies the allegations in paragraph 11 of Plaintiff's Complaint.

12. Admits the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Admits the allegations in paragraph 13 of Plaintiff's Complaint.

14. Denies the allegations in paragraph 14 of Plaintiff's Complaint.

15. Admits the allegations in paragraph 15 of Plaintiff's Complaint.

16. Admits the allegations in paragraph 16 of Plaintiff's Complaint.

**Jurisdiction & Venue**

17. Answering paragraph 17 of Plaintiff's Complaint, admits subject matter jurisdiction exists.

18. Denies the allegations in paragraph 18 of Plaintiff's Complaint.

19. Answering paragraph 19 of Plaintiff's Complaint, admits only that venue is proper.

**The Telephone Consumer Protection Act**

8. Answering paragraph 8 [sic] of Plaintiff's Complaint, no response is necessary as only a federal statute is set forth; to the extent a response is necessary, admits that such statute exists.

**Factual Allegations**

9. Denies the allegations in paragraph 9 [sic] of Plaintiff's Complaint.

10. Denies the allegations in paragraph 10 [sic] of Plaintiff's Complaint.

11. Denies the allegations in paragraph 11 [sic] of Plaintiff's Complaint.

12. Denies the allegations in paragraph 12 [sic] of Plaintiff's Complaint.

13. Answering paragraph 13 [sic] of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

14. Answering paragraph 14 [sic] of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

15. Denies the allegations in paragraph 15 [sic] of Plaintiff's Complaint.

16. Answering paragraph 16 [sic] of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demand strict proof thereof.

17. Denies the allegations in paragraph 17 [sic] of Plaintiff's Complaint.

18. Answering paragraph 18 [sic] of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

19. Answering paragraph 19 [sic] of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

**Calls to Plaintiff**

20. Answering paragraph 20 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

21. Answering paragraph 21 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

22. Answering paragraph 22 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

23. Answering paragraph 23 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

24. Answering paragraph 24 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

25. Answering paragraph 25 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

26. Answering paragraph 26 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

27. Answering paragraph 27 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

28. Answering paragraph 28 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

29. Answering paragraph 29 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

5

30. Answering paragraph 30 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

31. Answering paragraph 31 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

32. Denies the allegations in paragraph 32 of Plaintiff's Complaint.

33. Answering paragraph 33 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

34. Answering paragraph 34 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

35. Answering paragraph 35 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

36. Answering paragraph 36 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

37. Answering paragraph 37 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

38. Answering paragraph 38 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

39. Answering paragraph 39 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

40. Answering paragraph 40 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

41. Answering paragraph 41 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

42. Answering paragraph 42 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

43. Answering paragraph 43 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

44. Answering paragraph 44 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

45. Answering paragraph 45 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

46. Denies the allegations in paragraph 46 of Plaintiff's Complaint.

47. Answering paragraph 47 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

48. Denies the allegations in paragraph 48 of Plaintiff's Complaint.

49. Answering paragraph 49 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

50. Denies the allegations in paragraph 50 of Plaintiff's Complaint.

51. Denies the allegations in paragraph 51 of Plaintiff's Complaint.

52. Admits the allegations in paragraph 52 of Plaintiff's Complaint.

53. Denies the allegations in paragraph 53 of Plaintiff's Complaint.

### **Defendant's Use of an ATDS**

54. Denies the allegations in paragraph 54 of Plaintiff's Complaint.

55. Denies the allegations in paragraph 55 of Plaintiff's Complaint.

56. Denies the allegations in paragraph 56 of Plaintiff's Complaint.

57. Answering paragraph 57 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

58. Denies the allegations in paragraph 58 of Plaintiff's Complaint.

59. Denies the allegations in paragraph 59 of Plaintiff's Complaint.

60. Answering paragraph 60 of Plaintiff's Complaint, it merely summarizes a Third Circuit decision and, therefore, no response is necessary; to the extent a response is necessary, admits that such decision exists.

61. Answering paragraph 61 of Plaintiff's Complaint, it merely summarizes a Third Circuit decision and, therefore, no response is necessary; to the extent a response is necessary, admits that such decision exists.

62. Denies the allegations in paragraph 62 of Plaintiff's Complaint.

63. Answering paragraph 63 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

64. Answering paragraph 64 of Plaintiff's Complaint, it merely summarizes a federal decision and, therefore, no response is necessary; to the extent a response is necessary, admits that such decision exists.

65. Denies the allegations in paragraph 65 of Plaintiff's Complaint.

66. Answering paragraph 66 of Plaintiff's Complaint lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

**Defendant's Conduct Was Knowing and Willing**

67. Denies the allegations in paragraph 67 of Plaintiff's Complaint.

68. Denies the allegations in paragraph 68 of Plaintiff's Complaint.

## **The TCPA Prohibits All Automated Calls to Protected Numbers**

69. Answering paragraph 69 of Plaintiff's Complaint, it merely summarizes a federal statute and, therefore, no response is necessary; to the extent a response is necessary, admits that such statute exists.

70. Answering paragraph 70 of Plaintiff's Complaint, it merely summarizes a Supreme Court decision and, therefore, no response is necessary; to the extent a response is necessary, admits that such decision exists.

71. Answering paragraph 71 of Plaintiff's Complaint, it merely summarizes a federal regulation and, therefore, no response is necessary; to the extent a response is necessary, admits that such regulation exists.

72. Answering paragraph 72 of Plaintiff's Complaint, it merely summarizes a federal statute and, therefore, no response is necessary; to the extent a response is necessary, admits that such statute exists.

73. Answering paragraph 73 of Plaintiff's Complaint, it merely summarizes a federal court decision and, therefore, no response is necessary, to the extent a response is necessary, admits that such decision exists.

74. Answering paragraph 74 of Plaintiff's Complaint, it merely summarizes a federal statute and, therefore, no response is necessary; to the extent a response is necessary, admits that such statute exists.

75. Answering paragraph 75 of Plaintiff's Complaint, it merely summarizes a federal statute and, therefore, no response is necessary; to the extent a response is necessary, admits that such statute exists.

76. Answering paragraph 76 of Plaintiff's Complaint, it merely summarizes a federal regulation and, therefore, no response is necessary; to the extent a response is necessary, admits that such regulation exists.

77. Answering paragraph 77 of Plaintiff's Complaint, it merely summarizes a federal regulation and, therefore, no response is necessary; to the extent a response is necessary, admits that such regulation exists.

78. Answering paragraph 78 of Plaintiff's Complaint, it merely cites a federal regulation and, therefore, no response is necessary; to the extent a response is necessary, admits that such regulation exists.

79. Answering paragraph 79 of Plaintiff's Complaint, it merely summarizes a federal regulation and, therefore, no response is necessary; to the extent a response is necessary, admits that such regulation exists.

80. Answering paragraph 80 of Plaintiff's Complaint, it merely summarizes a federal regulation and, therefore, no response is necessary; to the extent a response is necessary, admits that such regulation exists.

81. Answering paragraph 81 of Plaintiff's Complaint, it merely summarizes a federal regulation and, therefore, no response is necessary; to the extent a response is necessary, admits that such regulation exists.

82. Answering paragraph 82 of Plaintiff's Complaint, it merely summarizes a federal regulation and, therefore, no response is necessary; to the extent a response is necessary, admits that such regulation exists.

83. Answering paragraph 83 of Plaintiff's Complaint, it merely summarizes a federal statute and regulation and, therefore, no response is necessary; to the extent a response is necessary, admits that such statute and regulation exist.

84. Answering paragraph 84 of Plaintiff's Complaint, it merely summarizes a federal regulation and, therefore, no response is necessary; to the extent a response is necessary, admits that such regulation exists.

## Claims

### Count One

85. Defendant Covington incorporates his answers to the foregoing allegations as fully set forth herein.

86. Denies the allegations in paragraph 86 of Plaintiff's Complaint.

87. Denies the allegations in paragraph 87 of Plaintiff's Complaint.

88. Denies the allegations in paragraph 88 of Plaintiff's Complaint.

89. Denies the allegations in paragraph 89 of Plaintiff's Complaint.

90. Denies the allegations in paragraph 90 of Plaintiff's Complaint.

### Count Two

91. Defendant Covington incorporates his answers to the foregoing allegations as fully set forth herein.

92. Denies the allegations in paragraph 92 of Plaintiff's Complaint.

93. Denies the allegations in paragraph 93 of Plaintiff's Complaint.

94. Denies the allegations in paragraph 94 of Plaintiff's Complaint.

95. Denies the allegations in paragraph 95 of Plaintiff's Complaint.

**County [sic] Three**

96. Defendant Covington incorporates his answers to the foregoing allegations as fully set forth herein.

97. Denies the allegations in paragraph 97 of Plaintiff's Complaint.

98. Denies the allegations in paragraph 98 of Plaintiff's Complaint.

99. Denies the allegations in paragraph 99 of Plaintiff's Complaint.

100. Denies the allegations in paragraph 100 of Plaintiff's Complaint.

101. Denies the allegations in paragraph 101 of Plaintiff's Complaint.

**Count Four**

102. Defendant Covington incorporates his answers to the foregoing allegations as fully set forth herein.

103. Answering paragraph 103 of Plaintiff's Complaint, it merely summarizes a federal regulation and, therefore, no response is necessary; to the extent a response is necessary, admits that such decision exists.

104. Denies the allegations in paragraph 104 of Plaintiff's Complaint.

105. Denies the allegations in paragraph 105 of Plaintiff's Complaint.

106. Answering paragraph 106 of Plaintiff's Complaint, it merely summarizes a federal statute and, therefore, no response is necessary; to the extent a response is necessary, admits that such decision exists.

107. Answering paragraph 107 of Plaintiff's Complaint, lacks knowledge or information sufficient to answer the allegations contained therein and therefore denies same and demands strict proof thereof.

108. **ANY ALLEGATIONS NOT SPECIFICALLY ADMITTED BY DEFENDANT ARE HEREBY DENIED.**

## ADDITIONAL DEFENSES

109. Defendant, by way of further answer and defense, but not in diminution or derogation of the admissions or denials set forth hereinabove, and subject to amendment at the conclusion of all pretrial discovery, alleges and states as follows:

A. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

B. Plaintiff and Defendant had an established business relationship; or, in the alternative Defendant reasonably believed at all relevant times that such a relationship existed.

C. Plaintiff consented to any and all relevant communications.

D. Defendant has, with due care, established and implemented reasonable practices and procedures to effectively prevent TCPA violations; if any technical violation occurred, it was a bona fide error.

E. Defendant, at all times reasonably and in good faith believed that Plaintiff had consented to any and all relevant communications.

F. Defendant reserves the right to amend this Answer and assert additional defenses and affirmative defenses revealed in the course of discovery.

**WHEREFORE**, having answered the Plaintiff's Complaint, Defendant James Covington asks that Plaintiff takes nothing by way of his Complaint, that the case be dismissed and judgment be rendered for the Defendant, and that Defendant be awarded all

costs, attorneys' fees and such other relief as the Court may deem just and equitable in the premises.

DATED this 23rd day of February, 2024.

**GAONA LAW FIRM**

/s/ David F. Gaona
David F. Gaona
3101 N. Central Ave., Suite 720
Phoenix, Arizona 85012
Attorney for Defendants James Convington, Bankers Life Advisory Services, Inc., CNO Financial Group, Inc., K.F. Agency, Inc. and Oscar Larranga

CERTIFICATE OF SERVICE

I hereby certify that on February 23rd, 2024, I electronically transmitted the attached document to the Clerk's Office by using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Jason Crews
>1515 N. Gilbert Rd., Ste. 107-204
>Gilbert, AZ 85234
>Jason.crews@gmail.com

/s/     Priscilla Wayterra