Jason Crews
1515 N Gilbert Rd Suite 107-204
Gilbert, AZ 85233
Telephone: (602) 295-1875
e-Mail: jason.crews@gmail.com

*pro se*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>　　　　Plaintiff,<br><br>v.<br><br>K.F.Agency, Inc.; Bankers Life Advisory Services, Inc; CNO Financial Group, Inc; James Covington; Oscar Larranga;<br><br>　　　　Defendants. | Case No. 2:23-cv-02658-SMB<br><br>**RULE 26(f) CASE MANAGEMENT REPORT**<br><br>Judge:  Hon. Susan M. Brnovich |

In accordance with the Court's February 23, 2024, order, Plaintiff and defense counsel conferred by phone, on March 15, 2024, to discuss the matters set forth in Rule 26(f)(2). Accordingly, Plaintiff and defense counsel submit this Joint Case Management Report.

**1. RULE 26(f) MEETING**

The following persons attended the Rule 26(f) meeting and assisted in developing this report:

　　Plaintiff Jason Crews

　　Defense counsel David Gaona

**2. LIST OF PARTIES**

　　Plaintiff Jason Crews

　　Defendant K.F.Agency, Inc.

1

    Defendant Bankers Life Advisory Services, Inc

    Defendant CNO Financial Group, Inc

    Defendant James Covington

    Defendant Oscar Larranga

**3. STATEMENT OF THE NATURE OF THE CASE**

Plaintiff brings this consolidated action to recover statutory damages for alleged willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and C.F.R § 64.1200 (the "**TCPA**").

Plaintiff's claims relate to approximately seven (7) telemarketing calls allegedly received by Plaintiff, on either his cell phone, between November of 2022 and January of 2023. Plaintiff alleges, Defendants employees or agents calling on behalf of or at the behest of defendants are responsible for these 7 calls.

Defendants deny liability to Plaintiff and deny placing any improper calls, telemarketing or otherwise, to Plaintiff and further state that any calls placed to Plaintiff's number were authorized by an online 'opt-in' consent form filled out by Plaintiff, or someone representing himself to be Plaintiff, to a website offering Medicare supplement insurance. The Plaintiff, or person who visited the site, provided name, age, and a specific telephone number. Later, on a phone call, a person identified as Plaintiff consented to the call's being transferred to a local AZ insurance agent to discuss available benefits.

**4. JURISDICTION**

The Court has subject matter jurisdiction over this action because the claim arises under the TCPA. *Mims v. Arrow Financial Services, LLC,* 565 U.S. 368, 132 S.Ct. 740 (2012).

**5. PARTIES WHO HAVE NOT BEEN SERVED**

All Defendants were either served or have appeared and consented to the Court's jurisdiction.

**6. ADDITIONAL PARTIES**

The parties do not anticipate adding additional parties at this time.

7. **CONTEMPLATED MOTIONS**

The parties are not presently contemplating a need for either dispositive motions or evidentiary motions, but reserve the right to pursue appropriate relief following further investigation and discovery.

8. **UNITED STATES MAGISTRATE JUDGE**

The parties have no objection to the assignment of the case to a magistrate judge.

9. **STATUS OF RELATED CASES**

Plaintiff is currently pursuing TCPA claims against other parties in the District of Arizona, but those cases involve different defendants.

10. **ISSUES RELATING TO PRESERVATION, DISCLOSURE, OR DISCOVERY OF ESI**

Plaintiff intends to seek ESI in the form of records and documents which should be readily available to Defendant.  Plaintiff will endeavor to limit request in scope to limit the costs associated with discovery of ESI.

11. **ISSUES RELATING TO PRIVILEGE OR WORK PRODUCT**

The parties have not made any agreement regarding the post-production assertion of attorney-client privilege or work product protection.

12. **POTENTIAL RULE 502(d) ORDERS**

The parties have no objection to a Rule 502(d) order permitting the post-production assertion of attorney-client privilege or protection under the work product doctrine.

13. **NECESSARY DISCOVERY**

**Proposed Discovery By Plaintiff**

Plaintiff believes the following discovery is warranted in this action which he believes is reasonable and proportional to the nature and number of violations alleged:

1.     Discovery pertaining to nature, processes, and procedures used to place phone calls to Plaintiff.  This includes, but is not limited to, any automated dialing systems which may have been used, any other systems which were used independently or in conjunction with one another which could fall under the definition 47 U.S.C. § 227(a)(1), and which

would be prohibited under 47 U.S.C. § 227(b)(1)(A);

2. Discovery pertaining to any alleged established business relationship as defined in 47 U.S.C. § 227(a);

3. Discovery pertaining to the usage of artificial or prerecorded voice to deliver a message without prior express consent from Plaintiff which would be prohibited under 47 U.S.C. § 227(b)(1)(B);

4. Discovery pertaining to the existence of written policy, available upon demand, for maintaining a do-not-call list which is required under C.F.R § 64.1200(c)(1);

5. Discovery pertaining to the training of personnel, and any entity assisting in compliance, in procedures established pursuant to the national-do-not-call rules as required under C.F.R § 64.1200(c)(2);

6. Discovery pertaining to defendants recording and disclosure of do-not-call requests and as required under C.F.R § 64.1200(c)(3);

7. Discovery pertaining to any training and/or policies regarding the identification of callers and telemarketers as required under C.F.R § 64.1200(c)(4);

8. Discovery pertaining to the existence and maintenance of do-not-call lists as required under C.F.R § 64.1200(c)(5);

9. Discovery pertaining to the willfulness of Defendants alleged calls;

10. Discovery pertaining the nature and extent involvement of each defendant in the any alleged calls;

11. Discovery pertaining to the exact number, time, and date of any calls placed to Plaintiff;

12. Plaintiff intends to request written discovery, depositions, admission, and interrogatories as permitted under Rules 26(b)(1), 32(a)(1), 33(a)(1), 34 and 36.

13. Plaintiff intends to depose Defendants James Covington and Oscar Larranga.

**Proposed Discovery By Plaintiff**

…1. Defendants intend to depose, at a minimum, Plaintiff. At present, additional names of deponents have not been confirmed.

2. Defendants intend to seek discovery of all of Plaintiff's electronic devices.

3. Defendants intend to submit written discovery from Plaintiff (interrogatories, document production and request for admissions).

4. The case is at its infancy, and Defendant submits these general thoughts about expected discovery, however, the scope may expand as more information becomes known.

**B. PROPOSED CHANGES IN THE LIMITATION ON DISCOVERY**

**Plaintiff's Position**

Plaintiff does not propose limits on discovery, and request standard limits as prescribed in the Federal Rules of Civil Procedure.

**Defendants' Position**

**Defendants concur with using standard discovery limits prescribed in the Federal Rules of Civil Procedure**

**NUMBER OF HOURS PROPOSED FOR DEPOSITION**

**Plaintiff's Position**

Plaintiff proposes not more than 10 hours of depositions.

**Defendants Position**

**Defendants currently anticipate deposing Plaintiff for a single session of up to 7 hours; Defendants propose an additional ten (10) hours of deposition time for additional witness depositions, if any.**

14. **PROPOSED DEADLINES**

The parties propose that the Court adopt the following deadlines:

| | |
|---|---|
| Completion of fact discovery: | October 6, 2024 |
| Disclosure of expert opinions: | NA |
| Disclosure of rebuttal expert opinions: | NA |
| Completion of expert depositions: | NA |
| Filing of dispositive motions: | December 31, 2024 |

The parties have previously engaged in good faith settlement discussions and expect to have further dialogue.

5

**15. JURY TRIAL**

The partied do not contest the request for a jury trial.

**16. PROSPECTS FOR SETTLEMENT**

Plaintiff believes the parties could benefit from a court facilitated settlement conference.

**17. OTHER**

The parties have not identified any other matters that will aid the Court in resolving this case.

DATED this ___ day of March, 2024.

By  */s/ Jason Crews*
Jason Crews
1515 North Gilbert Road, Suite 107-204
Gilbert, Arizona 85234

*Plaintiff in pro per*

*GAONA LAW FIRM*

By:_____
David F. Gaona
3101 N. Central Ave., Ste. 720
Phoenix, AZ 85012
David@gaonalaw.com
...

**CERTIFICATE OF SERVICE**

I hereby certify that on March ___, 2024, I electronically filed the foregoing **RULE 26(f) CASE MANAGEMENT REPORT** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following CM/ECF registrants and mailed and emailed to anyone not registered:

By_____