Jason Crews
1515 N. Gilbert Rd.
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

*In propria persona*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | Case No.: 2:23-cv-02658-SMB |
| Plaintiff, | |
| vs. | PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| Bankers Life Advisory Services, Inc, *et al.* | |
| Defendants | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff, Jason Crews, pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Court for summary judgment against Defendant James Covington ("Covington") (a) declaring that Convington violated the TCPA by placing seven telemarketing phone calls with an Automated Telephone Dialing System, (b) declaring that Covington violated the TCPA by placing seven telemarketing calls to a number on the Federal Do-Not-Call List, (c) that all said violations were willful, (d) awarding Plaintiff $500 for each violation and, and trebling said damages for each willful violation, (e) awarding Plaintiff his filing fee of $405, and (e) together with such other and further relief as the Court deems just and proper.

There exists no genuine dispute of material fact in this matter and Plaintiff is therefor entitled to judgment as a matter of law.

## II. LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a party fails to respond to Requests for Admissions, those matters are deemed admitted. Fed. R. Civ. P. 36(a)(3). Admissions obtained under Rule 36 can serve as the basis for summary judgment. See *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

## III. ARGUMENT

1. **Defendants Admitted to Making Unsolicited Calls to Plaintiff Without Prior Express Consent**

Defendants admitted that they or third parties acting on their behalf made multiple unsolicited calls to Plaintiff's cellular phone number on November 3, 2022; December 7, 2022; January 9, 2023; January 12, 2023; January 18, 2023; January 20, 2023; and January 24, 2023. (See Statement of Facts ("SOF") ¶ 13-17). These calls were made to promote Defendants' goods and services, and Defendants lacked Plaintiff's prior express consent for these communications (SOF ¶ 19-21). Under the TCPA, these calls are prohibited, making each call a distinct violation of 47 U.S.C. § 227(b).

2. **Defendants Used an Automatic Telephone Dialing System (ATDS) Without Prior Express Consent**

Defendants further admitted that the calls were made using an ATDS, and they did not possess Plaintiff's prior express consent to make such calls (SOF ¶ 21). The TCPA prohibits calls to cellular phones using an ATDS without the prior express consent of the called party. See 47 U.S.C. § 227(b)(1)(A). Given these admissions, Defendants' actions constitute clear violations of the TCPA.

2

3. **Defendants Violated the National Do-Not-Call Regulations**

Defendants admitted that they or third parties acting on their behalf called Plaintiff more than twice within a twelve-month period, that they did not maintain an internal do-not-call list, and that they failed to scrub numbers against the national do-not-call list before making the calls (SOF ¶ 18, 22, 24). These actions violate 47 U.S.C. § 227(c) and its corresponding regulations, further solidifying Defendants' liability under the TCPA.

4. **No Genuine Dispute of Material Fact Exists**

The facts necessary to establish Defendants' liability under the TCPA have been deemed admitted by Defendants due to their failure to respond to Plaintiff's Requests for Admissions (SOF ¶ 11). Consequently, there is no genuine issue of material fact, and Plaintiff is entitled to judgment as a matter of law.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Summary Judgment, enter judgment in his favor, and award statutory damages as provided under the TCPA.

Dated this August 27, 2024.

/s/*Jason Crews*

Jason Crews

**COPIES** of the forgoing were filed with the court electronically via CM/ECF this same date.

By:  /s/*Jason Crews*

Jason Crews

3