Jason Crews
1515 N. Gilbert Rd.
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

*In propria persona*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | Case No.: 2:23-cv-02658-SMB |
| Plaintiff, | |
| vs. | PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| Bankers Life Advisory Services, Inc, *et al.* | |
| Defendants | |

**PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Jason Crews submits the following Statement of Undisputed Material Facts in support of his Motion for Summary Judgment:

1. **Plaintiff's Phone Number:** At all relevant times, the telephone number (602) 295-1875 was assigned to a cellular telephone service and belonged to Plaintiff Jason Crews. Plaintiff used this number for residential purposes. (Requests for Admission ("RFA") Nos. 1, 2, 4).

2. **Defendants' Phone Numbers:** The telephone numbers (602) 755-1368, (602) 894-7135, (254) 324-4670, (480) 337-2492, (602) 289-3869, and (623) 267-2793 were associated with Defendants or third parties calling on their behalf at all relevant times. (RFA Nos. 5-10).

1

3. **Calls Made to Plaintiff:** Defendants or third parties calling on their behalf made seven (7) calls to Plaintiff on the following dates:

- November 3, 2022
- December 7, 2022
- January 9, 2023
- January 12, 2023
- January 18, 2023
- January 20, 2023
- January 24, 2023

(RFA Nos. 11-17).

4. **Multiple Calls During a 12-Month Period:** Defendants or third parties calling on their behalf called Plaintiff more than twice within a twelve-month period. (RFA No. 18).

5. **Purpose of the Calls:** The purpose of the calls made by Defendants or on their behalf was to promote Defendants' goods and/or services. (RFA No. 19).

6. **Lack of Prior Express Consent:** Defendants or third parties calling on their behalf did not have Plaintiff's prior express consent to make these calls. (RFA Nos. 20-21).

7. **Use of an Automatic Telephone Dialing System (ATDS):** Defendants or third parties calling on their behalf did not have Plaintiff's prior express consent to call him using an ATDS. (RFA No. 21).

8. **Internal Do-Not-Call List:** Defendants did not maintain an internal do-not-call list at all relevant times. (RFA No. 22).

9. **Training to Conceal Identity:** Defendants' employees or the employees of third parties calling on their behalf were trained to conceal Defendants' identity while engaging in telemarketing activities. (RFA No. 23).

10. **Failure to Scrub Against the National Do-Not-Call List:** Defendants or third parties calling on their behalf did not scrub phone numbers against the national do-not-call list before making calls to those numbers. (RFA No. 24).

11. **Failure to Respond to Requests for Admissions:** Defendants were served with Plaintiff's First Request for Admissions on June 7, 2024, via certified mail, return receipt requested. Defendants did not respond to the Requests for Admissions within the time allowed under Rule 36(a)(3) of the Federal Rules of Civil Procedure. As a result, each of the matters set forth in the Requests for Admissions is deemed admitted by operation of law.

12. **TCPA Violations:** The admissions made by Defendants conclusively establish that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b) and (c), by making unsolicited calls to Plaintiff's cellular phone using an ATDS and by failing to honor do-not-call regulations.

Based on the above undisputed facts, there is no genuine issue of material fact for trial, and Plaintiff is entitled to judgment as a matter of law.

Dated this August 27, 2024.

*/s/Jason Crews*

Jason Crews

**COPIES** of the forgoing were filed with the court electronically via CM/ECF this same date.

By:            */s/Jason Crews*

Jason Crews