Jason Crews
1515 N Gilbert Rd Suite 107-204
Gilbert, AZ 85233
Telephone: (602) 295-1875
e-Mail: jason.crews@gmail.com

*pro se*

**Exhibit 2**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | Case No. 2:23-cv-02658-SMB |
| Plaintiff, | **Plaintiff's Third Request for Admissions** |
| v. | |
| Bankers Life Advisory Services, Inc; *et al.* | Judge: Hon. Susan M. Brnovich |
| Defendants. | |

| | | |
|---|---|---|
| PROPOUNDING PARTY | : | PLAINTIFF JASON CREWS |
| RESPONDING PARTY | : | James Covington |
| SET NUMBER | : | Three |

Pursuant to Rule 36, Federal Rules of Civil Procedure, Plaintiff JASON CREWS ("Plaintiff") hereby requires K.F. Agency, Inc. ("Defendant") to respond to each of the following Requests for Admissions ("Admissions") within the time prescribed by the Federal Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

A. Answers to the Admissions must be furnished within the time prescribed by the Federal Rules of Civil Procedure.

1

B. Each Admission should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is a failure to answer.

C. If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

D. Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of one year prior to the date of filing the complaint to the present. Each Admission is considered continuing, and if Defendant obtains information which renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

E. Definitions:

**"Advertise" and "Advertisement"** unless otherwise stated, is defined using the definition contained in 47 CFR § 64.1200 (f) (1).

"**ATDS**" and "**ATDS**", unless otherwise stated, is defined using the definition contained in 47 U.S.C. § 227 (a) (1).

**"Computer"** means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term "Computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

**"Communications"** means and includes any manner or means of disclosing, transferring, exchanging, showing, giving, describing, providing, making available or furnishing oral or written information between one or more persons or entities. The term "communications" includes but is not limited to writings, agreements, letters, correspondence, email correspondence, text messages, conversations, conferences, meetings, messages, and voicemails.

**"Data"** means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded. "Hardware" means the physical components of a Computer or any device capable of maintaining recorded data.

**"Describe"** means to represent or give an account of in words.

**"Document(s)"** shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, Computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any

tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of Computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a) the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b) the author or sender of the document;

    (c) the recipient of the document;

    (d) the date the document was authored, sent, and/or received; and

(e) the reason such document is allegedly privileged.

**"Emergency Purposes"** unless otherwise stated, is defined using the definition contained in 47 CFR § 64.1200 (f) (5).

**"Established business relationship"** unless otherwise stated, is defined using the definition contained in 47 CFR § 64.1200 (f) (6).

**"Explain"** means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

**"Identify"** means that you should state:

    (a) any and all names, legal, trade or assumed;

    (b) all addresses used;

    (c) all telephone and tele-fax numbers used; and, if applicable:

    (d) brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all defendants in the above captioned action; and employer's name, address, phone number and the employer's relationship to any and all defendants in the above captioned action.

**"Including"** means "including without limitation" and "all" includes "any" and vice versa.

**"Person(s)"** means inclusively, any natural person, partnership, joint venture, limited liability company, corporation or other entity, organization or group of natural

4

persons, and shall include the current and former attorneys, agents, investigators, representatives, managers, employees, officers, members, owners, directors, consultants, parent companies, subsidiaries, vendors, contractors, sub-vendors, sub-contractors, and divisions and affiliates of such person.

**"Regarding"** and **"elating to,"** in addition to their plain meaning, also mean constituting, comprising, containing, concerning, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, referring to and/or pertaining to

**"Software"** means the entire set of Computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the Computer or mechanical device.

**"Spoofed"** means deliberately falsifying the information transmitted to the recipients caller ID.

**"User"** means any person or Computer which interacts with a different Computer.

"**you**" and "**your**" refer to Defendants and includes all attorneys, agents, employees, accountants, investigators, representatives and any other persons or entities acting or purporting to act on your behalf.

"**Personal Relationship**" unless otherwise stated, is defined using the definition contained in 47 CFR § 64.1200 (f) (17).

"**Prior Written Consent**" unless otherwise stated, is defined using the definition contained in 47 CFR § 64.1200 (f) (9).

**"TCPA"** unless otherwise stated, are collectively the regulations contained in 47 U.S. Code § 227 and 47 CFR § 64.1200.

**"Telemarketer"** unless otherwise stated, is defined using the definition contained in 47 CFR § 64.1200 (f) (12).

**"Telemarketing"** unless otherwise stated, is defined using the definition contained in 47 CFR § 64.1200 (f) (13).

**"Telephone Solicitation"** unless otherwise stated, is defined using the definition contained in 47 CFR § 64.1200 (f) (15).

  **"Unsolicited Advertisement"** unless otherwise stated, is defined using the definition contained in 47 CFR § 64.1200 (f) (16).

  If any Admission may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

**REQUEST FOR ADMISSIONS**

**REQUEST FOR ADMISSION No. 1:**  Admit that the number (602) 295-1875, at all times relevant, belonged to Plaintiff.

**Answer:**

**REQUEST FOR ADMISSION No. 2:**  Admit that (602) 295-1875, at all times relevant, was assigned to a cellular telephone service.

**Answer:**

**REQUEST FOR ADMISSION No. 3:**  Admit that Plaintiff is charged for calls made to (602) 295-1875.

**Answer:**

**REQUEST FOR ADMISSION No. 4:**  Admit that (602) 295-1875 is used by Plaintiff for residential purposes.

**Answer:**

**REQUEST FOR ADMISSION No. 5:**  Admit that, at all times relevant, (602)755-1368 was associated with you and/or with a third party calling on your behalf.

**Answer:**

**REQUEST FOR ADMISSION No. 6:**  Admit that, at all times relevant, (602)894-7135 was associated with you and/or with a third party calling on your behalf.

**Answer:**

**REQUEST FOR ADMISSION No. 7:**  Admit that, at all times relevant, (254)324-4670 was associated with you and/or with a third party calling on your behalf..

**Answer:**

**REQUEST FOR ADMISSION No. 8:** Admit that, at all times relevant, (480)337-2492 was associated with you and/or with a third party calling on your behalf.

**Answer:**

**REQUEST FOR ADMISSION No. 9:** Admit that, at all times relevant, (602)289-3869 was associated with you and/or with a third party calling on your behalf.

**Answer:**

**REQUEST FOR ADMISSION No. 10:** Admit that, at all times relevant, (623)267-2793 was associated with you.

**Answer:**

**REQUEST FOR ADMISSION No. 11:** Admit that you and/or a third party calling on your behalf called Plaintiff on November 3, 2022.

**Answer:**

**REQUEST FOR ADMISSION No. 12:** Admit that you and/or a third party calling on your behalf called Plaintiff on December 7, 2022.

**Answer:**

**REQUEST FOR ADMISSION No. 13:** Admit that you and/or a third party calling on your behalf called Plaintiff on January 9, 2023.

**Answer:**

**REQUEST FOR ADMISSION No. 14:** Admit that you and/or a third party calling on your behalf called Plaintiff on January 12, 2023.

**Answer:**

**REQUEST FOR ADMISSION No. 15:** Admit that you and/or a third party calling on your behalf called Plaintiff on January 18, 2023.

**Answer:**

**REQUEST FOR ADMISSION No. 16:** Admit that you and/or a third party calling on your behalf called Plaintiff on January 20, 2023.

**Answer:**

**REQUEST FOR ADMISSION No. 17:** Admit that you and/or a third party calling on your behalf called Plaintiff on January 24, 2023.

**Answer:**

**REQUEST FOR ADMISSION No. 18:** Admit that you and/or a third party calling on your behalf called plaintiff more than twice during a twelve-month period.

**Answer:**

**REQUEST FOR ADMISSION No. 19:** Admit that the purpose of your calls or any calls made on your behalf by a third party to Plaintiff was to promote your goods and/or services.

**Answer:**

**REQUEST FOR ADMISSION No. 20:** Admit that you and/or any third party calling on your behalf did not possess prior express consent to call Plaintiff.

**Answer:**

**REQUEST FOR ADMISSION No. 21:** Admit that you and/or any third party calling on your behalf did not possess prior express consent to call Plaintiff with an ATDS system.

**Answer:**

**REQUEST FOR ADMISSION No. 22:** Admit that at all times relevant, you did not maintain an internal do-not-call list.

**Answer:**

**REQUEST FOR ADMISSION No. 23:** Admit that at all times relevant your employees and/or the employees of third parties calling on your behalf were trained to conceal your identity while engaging in telemarketing activities.

**Answer:**

**REQUEST FOR ADMISSION No. 24:** Admit that you and/or any third party calling on your behalf did not scrub numbers you intended to call against the national do-not-call list prior to calling those numbers.

**Answer:**

Dated this August 20, 2024.

                                                  /s/*Jason Crews*

                                                  Jason Crews

**COPIES** of the forgoing served via email this same date, upon:
David F. Gaona
david@gaonalaw.com

and

James Covington via certified mail this same date, upon
1865 SUNNYMEADE DR,
JACKSONVILLE, FL 32211

By:        /s/*Jason Crews*

           Jason Crews

9