**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>          Plaintiff,<br><br>v.<br><br>Bankers Life Advisory Services Incorporated, et al.,<br><br>          Defendants. | No. CV-23-02658-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff Jason Crews' ("Plaintiff") Motion for Summary Judgment (Doc. 32) against Defendant James Covington ("Covington"). No Defendant responded. After reviewing Plaintiff's brief and other pertinent filings on record, the Court will deny the Motion.

**I.      BACKGROUND**

This case arises out of a series of alleged "robocalls" made by Defendant to Plaintiff in violation of the Telephone Consumer Protection Act ("TCPA"). (Doc. 1 at 4 ¶¶ 9, 15.)[1] These calls occurred between November 2022 and January 2023. (*Id.*) Relevant to Plaintiff's Motion for Summary Judgment are the alleged phone communications between Plaintiff and Covington. Plaintiff alleged that during a call, he was transferred to an individual that identified himself as "James Covington with license number 18985821." (*Id.* at 6 ¶ 41.) During that conversation, Covington claimed to be working for

---

[1] The Court cites to Plaintiff's Complaint to inform the background of this case, as Plaintiff's Statement of Fact proffered in support of his Motion for Summary Judgment does not provide all relevant background information. (*See* Doc. 32-1.)

"healthcare.gov" and "Health Enrollment Center." (*Id.* at ¶ 43.) Plaintiff's cell phone number has been registered on the National Do Not Call Registry since November 7, 2006. (*Id.* at 4 ¶ 14.) Therefore, the calls he received at that number, including the call with Covington, violated the TCPA. (*See id.* at 13–15 ¶¶ 85–107.)

Plaintiff filed suit on December 20, 2023. (Doc. 1.) During discovery, Covington was confirmed to have been an independent agent for Defendant K.F. Agency, Inc., an authorized agency of Defendant Banker's Life Advisory Services, Inc. ("Bankers"), until May 27, 2021. (*See* Doc. 28 at 2.) Plaintiff learned of Covington's separation from his employment through written responses to discovery request on May 20, 2024. (*See id.*) This issue became known to the Court through Covington's former counsel's Motion to Withdraw as Counsel (Doc. 28). In that Motion, Covington's counsel explained that because Covington did not work for Bankers at the time the alleged calls were made, he was not an authorized agent of the other Defendants, and therefore counsel lacked the authority to represent Covington. (*Id.*)

On June 7, 2024, after Covington's counsel withdrew, Plaintiff served his First Request for Admissions ("FRA") on Defendants. (Doc. 32-1 at 3; *see also* Doc. 32-2 (Plaintiff's Declaration); Doc. 32-3 (United States Postal Service Receipt).) Plaintiff has not provided a copy of the FRA. Additionally, Plaintiff served a Third Request for Admissions ("TRA") on August 20, 2024. (Doc. 32-4.) On August 27, 2024, Plaintiff filed his Motion for Summary Judgment (Doc. 32).[2] During the pendency of Plaintiff's Motion, he filed a joint stipulation to dismiss all Defendants except for Covington, (*see* Doc. 35), which the Court granted, (Doc. 36). Thus, the issue before the Court is whether summary judgment is appropriate against Covington. For the reasons discussed herein, the Court finds that summary judgment is not appropriate and will therefore deny Plaintiff's Motion.

---

[2] This timeline precludes any question from the TRA from being admissible evidence on the Motion for Summary Judgment. Specifically, the Request was served seven days before Plaintiff filed his Motion for Summary Judgment, and thus well before the thirty (30) day period that must elapse before such requests are deemed admitted. (Doc. 32-4); Fed. R. Civ. P. 36(a)(3).

## II. LEGAL STANDARD

Summary judgment is appropriate in circumstances where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of a case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes are genuine when the evidence could allow a reasonable jury to find in favor of the nonmoving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Additionally, the Court may enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in the nonmovant's favor. *Anderson*, 477 U.S. at 255. Additionally, the Court does not make credibility determinations or weigh the evidence. *Id.* at 253. The determination of whether a given factual dispute requires submission to a jury is guided by the substantive evidentiary standards that apply to the case. *Id.* at 255.

The burden initially falls with the movant to demonstrate the basis for a motion for summary judgment, and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. If this initial burden is not met, the nonmovant does not need to produce anything even if they would have the ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). However, if the initial burden is met by the movant, then the nonmovant has a burden to establish that there is a genuine issue of material fact. *Id.* at 1103. The nonmovant "must do more than simply

show that there is some metaphysical doubt as to the material facts." *Zenith Radio Corp.*, 475 U.S. at 586. Bare assertions alone do not create a material issue of fact, and "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 247–50 (citations omitted).

## III. DISCUSSION

Plaintiff argues that Defendants called him in violation of the TCPA in 2022 and 2023. (Doc. 1 at 4 ¶ 15; Doc. 32-1 at 2 ¶¶ 2–3.) Additionally, Plaintiff alleged that "James Covington . . . was at all times relevant an employee of Defendant Bankers, and responsible for at least one of the alleged telephone calls complained herein." (Doc. 1 at 3 ¶ 14.) Apart from these allegations, Plaintiff's Motion does not adduce evidence or put forth argument to carry his burden under Rule 56. Therein, Plaintiff merely contends that "Defendants admitted that they or third parties acting on their behalf made multiple unsolicited calls to Plaintiff[]," "that the calls were made using an [Automatic Telephone Dialing System]," and that "Defendants admitted that they . . . called Plaintiff more than twice within a twelve-month period, that they did not maintain an internal do-not-call list, and that they failed to scrub numbers against the national do-not-call list before making the calls." (Doc. 32 at 2.) In making these arguments, Plaintiff cites to his Statement of Facts (Doc. 32-1), which in turn cites to the TRA (Doc. 32-4). Again, the TRA is not properly before the Court, and thus any reliance on that document is improper.

Additionally, neither Plaintiff's Statement of Facts nor his Motion delineate which Defendants engaged in the alleged illegal acts. (*See* Doc. 32; Doc. 32-1.) Instead, Plaintiff broadly refers to "Defendants" and their various admissions throughout both filings. Plaintiff's Motion fails to explain how each Defendant, including Covington, acted individually or in concert to perpetrate the alleged TCPA violations. More troubling, Plaintiff's Statement of Facts does not set forth a single fact supported by evidence of acts undertaken specifically by Covington. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record."). Indeed, on this record, the Court could not consider Covington as being part of the referred to group of "Defendants" targeted in the

- 4 -

Motion because information exists showing that he did not work for Bankers during the period the calls occurred. (*See* Doc. 28 at 2.) At bottom, neither Plaintiff's Statement of Facts nor Motion provide more than broad assertions against a nebulous collection of "Defendants" without regard as to how each Defendant's individual acts violated the TCPA. This deficiency alone precludes summary judgment against Covington, as Plaintiff has not met his initial burden. *See Celotex Corp.*, 477 U.S. at 323.

Finally, Plaintiff does not contend with the issue of Covington's employment timeline in his Motion for Summary Judgment. Instead, Plaintiff relies on his FRA, but having no copy of the document, the Court has no knowledge of what admissions Plaintiff requested. (Doc. 32-1 at 3; *see also* Doc. 32-2; Doc. 32-3.) And, even if the TRA were properly before the Court, evidence of Covington's separation from employment in 2021 belies Plaintiff's argument that Covington made any of the violative calls in 2022 and 2023. Ultimately, Plaintiff does not offer evidence refuting Covington's separation from employment in 2021 nor his ability to make the calls on behalf of the terminated Defendants. Thus, without more, Plaintiff is not able to show that Covington worked for any Defendant or make the violative calls during 2022–2023.

Therefore, the Court will deny Plaintiff's Motion for Summary Judgment. (Doc. 32.)

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED denying** Plaintiff's Motion for Summary Judgment (Doc. 32).

Dated this 8th day of January, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge